# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GLORIA E. HERRERA,

        Plaintiff,

v.                                                                                              CIV 99-929 LH/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Herrera's) Motion to Remand or Reverse *(Doc. 8)*. The Commissioner of Social Security issued a final decision denying Herrera's application for a period of disability, disability insurance benefits, and for supplemental security income. Having considered the parties' arguments, the pleadings, administrative record, and the relevant law, I find that the motion is well taken and recommend that it be granted.

**A.  Facts/Procedural Background.**

Herrera was 48 years old when the Administrative Law Judge (ALJ) rendered his decision denying her application for Social Security benefits. She based that claim on numerous ailments including carpal tunnel syndrome, back pain, arthritis, migraine headaches, and peptic ulcers. *AR 130*. Herrera also suffered a heart attack in August 1997. *AR 17*. At step five of the sequential evaluation, the ALJ relied on the Grids and determined that although Herrera could not

1

perform past relevant work, jobs existed in sufficient numbers in the national economy which she would be able to perform at the sedentary level.  *AR 20*.  After the ALJ's denial, the Appeals Council declined review, making the ALJ's decision the Commissioner's final decision for purposes of review here under 42 U.S.C. § 405(g).

### B.  Standard of Review and Applicable Law

Review in social security cases is limited to considering whether there is substantial evidence in the record to support the Secretary's decision and whether the correct legal standards were applied.  *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir.1992).  Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).   I am not permitted to reweigh the evidence or substitute my judgment for that of the Secretary.  *Hamilton,* 961 F.2d at 1500.  "As long as substantial evidence supports the ALJ's determination, the Secretary's decision stands."  *Id.*

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. §§ 404.1520 and 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled.  *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that:

(1) she is not engaged in substantial gainful employment; (2) she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities; (3) her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1;  or (4) she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience.  *Id*.

### C. Issues and Analysis

*1. The ALJ failed to link his credibility determination to substantial evidence in the record.*

Herrera first contends that the finding that her migraine attacks occurred only a couple of times a month was unsupported by substantial evidence.  The ALJ determined that the record evidence failed to support Herrera's subjective complaints to the level of severity necessary to qualify as disabling under the Regulations.  *AR 20*.  Thus, the ALJ necessarily found Herrera not credible in her testimony that she was unable to work consistently.  *AR 28-29*.  Unfortunately, the ALJ gave no reasons for this determination, nor did he tie it to any of the evidence of record.

While credibility determinations are peculiarly the province of the finder of fact, "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), quoting *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).  The ALJ must "articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical.  *Kepler*, 68 F.3d at 391.  Failure to make credibility findings regarding

3

critical testimony "fatally undermines the [Commissioner's] argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability." *Id.,* quoting *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988).

Herrera testified to suffering from pain due to migraines, burning pain in her arms, pain in her back and knees, and a hiatal hernia. Her son, Gary Herrera, also testified that he saw her on a regular basis and corroborated her testimony about her migraine frequency, duration and severity. *AR 43-44*. The Commissioner argues that testimony of close relatives is unreliable because it might be colored by sympathy. *See Harrell v. Bowen*, 862 F.2d 471, 482 (5th Cir. 1988). Yet, there is no evidence of record that Mr. Herrera exaggerated or lied out of sympathy. The medical evidence further substantiated this testimony that Herrera's migraines were frequent and severe. Thus, it is less than clear what evidence the ALJ actually relied on in discounting Herrera's testimony.

Even though the ALJ's assessment of Herrera's exertional limitations has support of substantial evidence,[1] his rejection of her testimony concerning her nonexertional limitations did not. On this basis, I recommend that the Court remand the case to the Commissioner for further proceedings in which the ALJ either accepts Herrera's testimony concerning her pain, or ties an adverse credibility determination to substantial evidence in the record.

---

[1] As for Herrera's challenge of the finding that she could perform sedentary work, there appears to be substantial evidence to affirm that determination. Dr. Thomas Kravitz examined Herrera for a disability determination May 21, 1997. His conclusions about Herrera were consistent with a finding that she could do sedentary work. He found her able to lift up to 10 pounds occasionally and five pounds frequently. Standing and walking were impaired – she could only engage in those activities for 30 minutes at a time and for about five hours with interruptions. She could sit for only 30 minutes at a time and for about 6 hours with interruptions. Tests for carpal tunnel syndrome were inconclusive. *AR 187*.

### 2. *The ALJ erred in relying on the Grids*

Application of the grids is appropriate only if the claimant is capable of performing a full range of work required at a particular exertional level on a daily basis, and if the claimant possesses the physical capacity to perform most of the jobs falling within that category. *Ragland v. Shalala*, 992 F.2d 1056, 1058 (10th Cir.1993). Where a claimant's exertional capacity is further restricted by <u>nonexertional</u> limitations, however, reliance on the grids is misplaced. *Id.* (emphasis added). In view of my finding that the ALJ's credibility determination was unsupported, it follows that conclusive application of the Grids may be improper. Since it remains to be determined whether the ALJ had grounds for discounting Herrera's nonexertional impairments, the ALJ's step-five analysis, which excluded them, cannot stand now. On remand the ALJ must tie an adverse credibility determination to substantial evidence in the record. If the ALJ is unable to do so, the testimony of a vocational expert will be required.

## E. Conclusion.

For the foregoing reasons I recommend that the Court remand the case to the Commissioner for further proceedings in which the ALJ makes a proper credibility determination and calls a vocational expert to aid in a new step-five analysis, if necessary. Objections to the foregoing may be timely filed pursuant to 28 U.S.C. § 636(b)(1).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**          James A. Burke
                                    Santa Fe, NM

**Counsel for Defendant:**          Una McGeehan
                                    Dallas, TX

                                    Raymond Hamilton
                                    Albuquerque, NM